## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD FULLER and** | **:** | **CIVIL ACTION – LAW** |
| **PAMELA FULLER, as** | **:** | |
| **husband and wife, AIM** | **:** | |
| **LEASING COMPANY, and** | **:** | |
| **AIM INTEGRATED** | | |
| **LOGISTICS, INC.,** | | |
| | | |
| | **:** | |
| **PLAINTIFFS** | | |
| **v.** | **:** | **No.** |
| | **:** | |
| **DOUGLAS SINGER,** | **:** | |
| **ALBERTO RAMIREZ-** | **:** | |
| **BARVOSA, AND SPN WELL** | **:** | |
| **SERVICES, INC.,** | **:** | |
| | **:** | |
| | **:** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS** | | |

## COMPLAINT

AND NOW, come Plaintiffs Richard and Pamela Fuller, as husband and wife, and Plaintiffs AIM Leasing Company and AIM Integrated Logistics, Inc., by and through their attorney, Schmidt Kramer PC, and aver the following:

## PARTIES

1.     Plaintiffs Richard and Pamela Fuller are adult individuals and citizens of the state of New York, residing at 3674 Grafton Avenue, Blasdell, Erie County, New York 14219.

2.     Plaintiff AIM Leasing Company (hereinafter referred to as "Plaintiff AIM Leasing"), is a business corporation incorporated in the state of Ohio with an address of 1500 Trumbull Avenue, Girard, Trumbull County, Ohio 44420.

3.     Plaintiff AIM Integrated Logistics, Inc. (hereinafter referred to as "Plaintiff AIM Integrated") is a business corporation incorporated in the state of Ohio with an address of 1500 Trumbull Avenue, Girard, Trumbull County, Ohio 44420.

4.     Defendant Douglas Singer (hereinafter referred to as "Defendant Singer" is an adult individual and citizen of the state of Florida, with a last known address of 366 Paradise Island Drive, De Funiak Springs, Walton County, Florida 32433.

5.     Defendant Alberto Ramirez-Barvosa (hereinafter referred to as "Defendant Ramirez-Barvosa") is an adult individual and citizen of the state of Texas, with a last known address of 3403 Dallis Drive, College Station, Brazos County, Texas 77845.

6.     Defendant SPN Well Services, Inc. (hereinafter referred to as "Defendant SPN") is a business corporation incorporated in the state of Texas with an address of 3333 North I-35, Building F, Gainesville, Cooke County, Texas 76240 (formally known as Texas CES, Inc., as well as trading and doing business as Mercer Well Service).

2

## ALLEGATIONS OF JURISDICTION AND VENUE

7.     Plaintiffs Richard and Pamela Fuller, AIM Leasing Company, and AIM Integrated Logistics, Inc. invoke the jurisdiction of this Court under 28 U.S.C. § 1332(a) and F.R.C.P. 8(a)(1) as this is a civil action between citizens of different states where the amount of controversy is in excess of $75,000.00.

8.     Venue lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391 as the incident described herein occurred in the Middle District of Pennsylvania.

## OPERATIVE FACTS

9.     The facts and occurrences hereinafter related took place on Wednesday, October 18, 2017 at 3:13 p.m. on Interstate 180 (I-180) in West Delaware Township, Northumberland County, Pennsylvania.

10.     I-180 is a limited access highway with a posted speed limit of 65 MPH and paved shoulders.

11.     Plaintiff Richard Fuller was the operator of a 2017 International Harvester tractor, which was owned by Plaintiff AIM Leasing.

12.     Defendant Singer was the operator of a 2012 Dodge Ram pickup truck.

13.     Defendant Ramirez-Barvosa was the operator of a 2011 Slick 550 Workover Rig that was owned by Defendant SPN.

14.     At the time of the accident, Plaintiff Richard Fuller was in the course and scope of his employment with Plaintiff AIM Integrated.

3

15.     At the time of the accident, Defendant Singer was acting as an agent of Defendant SPN.

16.     At the time of the accident, Defendant Ramirez-Barvosa was acting in the course and scope of his employment with Defendant SPN.

17.     At the time of the accident, Plaintiff Richard Fuller was driving west in the right lane of I-180 and as he went over a slight incline on the roadway, came upon two vehicles that were unexpectedly stopped in the right travel lane near the 8th Street bridge overpass.

18.     At that time and place, Defendant Ramirez-Barvosa was attempting to pass under the 8th Street bridge overpass in the oversized vehicle he was operating.

19.     At that time and place, Defendant Singer was traveling behind Defendant Ramirez-Barvosa's oversized vehicle and acting as a pilot car for Defendant Ramirez-Barvosa.

20.     It is believed, and therefore averred, that because of the size of Defendant Ramirez-Barvosa's oversized vehicle, he could not fit under the 8th Street bridge overpass, which was posted to accommodate only 14'-3" of vertical clearance.

21.     Signs warning of the height clearance were posted well in advance of the bridge at 3 3/8 miles and again at ¼ mile before the bridge to provide advance warning to all over height loads.

22.    It is believed, and therefore averred, that Defendant Ramirez-Barvosa's oversized vehicle's height placard listed it at 14'-7".

23.    It is believed, and therefore averred, that Defendant Singer's vehicle did not have flashing or revolving amber lights or a banner indicating an oversized load, which would give warning to anyone approaching behind him.

24.    Plaintiff Richard Fuller attempted to stop and avoid a collision, but he had nowhere to maneuver on the roadway.

25.    Plaintiff Richard Fuller collided with the rear of Defendant Singer's vehicle, the force of which caused Plaintiff Richard Fuller's truck to catch on fire as it came to its final rest.

26.    At the time of the accident, Plaintiff Richard Fuller was utilizing his vehicle's lap and shoulder safety belt.

27.    The accident was in no way caused or contributed to by Plaintiff Richard Fuller, and was caused solely by Defendants Singer, Ramirez-Barvosa, and SPN.

**COUNT I - NEGLIGENCE**
**RICHARD and PAMELA FULLER v. DOUGLAS SINGER and SPN**
**WELL SERVICES, INC.**

28.    Paragraphs one (1) through twenty-seven (27) of this Complaint are incorporated herein by reference.

29.    At the time of the accident, Defendant Singer was operating a 2012 Dodge Ram pick-up truck as a rear pilot vehicle for Defendant Ramirez-Barvosa as

5

Defendant Ramirez-Barvosa drove an oversized drill rig from Mercer County, Ohio to Tioga County, Pennsylvania.

30.    As the pilot car for an oversized vehicle with a height that exceeded 14'-6", Defendant Singer had a duty to precede the oversize vehicle and to detect overhead obstructions using a height pole or other height-sensitizing device.

31.    Defendant Singer had a duty to equip his vehicle with flashing or revolving amber lights and a yellow warning sign at least 5 feet wide by at least 1 foot high with the words "OVERSIZE LOAD" in black letters on both the front and rear of his vehicle.

32.    Defendant Singer had neither the height pole nor the yellow warning sign, and he did not have any flashing lights on his vehicle at the time of the accident, all of which are required by Pennsylvania law for a rear pilot vehicle of an oversized vehicle with a height that exceeded 14'-6".

33.    Because he was driving behind Defendant Ramirez-Barvosa instead of in front of him, and because he did not have a height pole to indicate overhead obstructions, Defendant Singer failed to meet his duty of warning Defendant Ramirez-Barvosa of the oncoming overhead obstruction so he could avoid damaging the bridge as well as safely pull from the travel lane of the highway to avoid being a hazard.

6

34.     Because Defendant Singer did not warn Defendant Ramirez-Barvosa of the oncoming overhead obstruction, it was necessary for both Defendant Ramirez-Barvosa and Defendant Singer to stop suddenly and dangerously in front of the 8th Street bridge to avoid hitting it, placing them in direct traffic and leaving Plaintiff Richard Fuller no way to avoid a collision.

35.     The accident at issue was initiated and legally caused by the negligence, carelessness, and recklessness of Defendant Singer, consisting of the following:

   a.  Failure to have his vehicle under proper and adequate control;

   b.  Operating a vehicle so as to create a dangerous situation for other vehicles on the Interstate highway;

   c.  Suddenly stopping or slowing his vehicle so as to create an unexpected and dangerous condition for other drivers on an Interstate highway;

   d.  Violating provisions of the Transportation Code of the Commonwealth of Pennsylvania, including:
       i.   § 179.10(13)(i)(C) – general conditions for pilot cars;
       ii.  § 179.10(13)(ii)(C) – operating requirements; and
       iii. § 179.10(15)(ii) – general conditions for sign requirements; and

   e.  Operating his vehicle upon the highway in a manner endangering persons and property in a reckless manner with careless disregard to the rights and safety of others and in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania.

36.     As a direct result of the accident, Plaintiff Richard Fuller sustained painful and severe injuries that include, but are not limited to:

   a.  Sternal fracture;

7

b.  Right sided rib fractures to ribs 2-9;

c.  Left sided rib fracture to rib 2;

d.  Abrasions;

e.  Lacerations;

f.  Ligamentous injury to C5-6;

g.  C5-C6 large left sided disc herniation;

h.  Injury to his right hip;

i.  Cervicalgia;

j.  Low back pain; and

k.  Radiculopathy, lumbar region,

as well as general shock to the nervous system.

37.   Plaintiff Richard Fuller has been advised, and therefore avers, that the aforementioned injuries are/were serious and may be permanent in nature, and claim is made therefor.

38.   As a direct and proximate result of the motor vehicle accident, Plaintiff Richard Fuller has incurred medical expenses for the injuries he has sustained, and may continue to incur medical expenses in the future, and claim is made therefor.

39.   As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff Richard Fuller has suffered loss of wages, and has

suffered an impairment of his future earning power and capacity, and claim is made therefor.

40.    As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff Richard Fuller has undergone, and may continue to undergo, great physical and mental suffering, great inconvenience in carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made therefor.

WHEREFORE, Plaintiffs Richard and Pamela Fuller respectfully request Your Honorable Court grant judgment in their favor and against the Defendants in an amount in excess of $75,000.00.

## COUNT II – NEGLIGENCE
## RICHARD and PAMELA FULLER v. ALBERTO RAMIREZ-BARVOSA and SPN WELL SERVICES, INC.

41.    Paragraphs one (1) through forty (40) of this Complaint are incorporated herein by reference.

42.    At the time of the accident, Defendant Ramirez-Barvosa was operating a 2011 Slick 550 Workover Rig with a height of 14'-7".

43.    Defendant Ramirez-Barvosa received a Special Hauling Permit from the Pennsylvania Department of Transportation.

44.     On the Special Hauling Permit application, Defendant Ramirez-Barvosa fraudulently listed his drill rig's total height as 14'-4". See Special Hauling Permit attached as **Exhibit A**.

45.     Because he fraudulently reported his drill rig's total height as 14'-4", Defendant Ramirez-Barvosa was not required to complete a route survey and was given a route that required him to pass under a 14-3" bridge.

46.     Had he correctly completed the permit, Defendant Ramirez-Barvosa would have been to have a pilot car proceed him.

47.     Despite knowing his drill rig had a height of 14'-7", Defendant Ramirez-Barvosa ignored advance warning signs and was still attempting to pass under the 14'-3" 8th Street overpass bridge, but was unable to do so, causing him to, suddenly and without warning, come to a complete stop in the direct path of traffic traveling on an Interstate highway.

48.     Defendant Ramirez-Barvosa failed to utilize the available paved shoulder where he could have safely stopped his oversized vehicle.

49.     Because Defendant Ramirez-Barvosa stopped suddenly and without warning in the direct path of traffic at the entrance of the bridge, traffic behind him had nowhere to go, resulting in the subject accident.

50.    The accident at issue was initiated and legally caused by the negligence,

carelessness, and recklessness of Defendant Ramirez-Barvosa, consisting of the

following:

      l.   Failure to have his vehicle under proper and adequate control;

      m.  Operating a vehicle so as to create a dangerous situation for other
          vehicles on the roadway;

      n.   Suddenly stopping or slowing his vehicle so as to create a dangerous
          condition for other drivers on the roadway;

      o.   Violating provisions of the Transportation Code of the
          Commonwealth of Pennsylvania, including § 179.8(3) – Information
          provided in [permit] applications shall be accurate; and

      p.   Operating his vehicle upon the highway in a manner endangering
          persons and property in a reckless manner with careless disregard to
          the rights and safety of others and in violation of the Motor Vehicle
          Code of the Commonwealth of Pennsylvania, including § 4922 –
          Height of vehicles.

51.    Paragraphs thirty-six (36) through forty (40) of the Plaintiffs' Complaint

relating to injuries and damages suffered by Plaintiff Richard Fuller are

incorporated herein by reference and made a part thereof as if set forth in full.

    WHEREFORE, Plaintiffs Richard and Pamela Fuller respectfully request Your

Honorable Court grant judgment in their favor and against the Defendants in an

amount in excess of $75,000.00.

## COUNT III – RESPONDEAT SUPERIOR
## RICHARD and PAMELA FULLER v. SPN WELL SERVICES, INC.

52.   Paragraphs one (1) through fifty-one (51) of this Complaint are incorporated herein by reference.

53.   At all relevant times, Defendant Singer was acting as a servant, agent, employee, and/or ostensible agent of Defendant SPN in the capacity of a pilot car driver for Defendant Ramirez-Barvosa.

54.   At all relevant times, Defendant Ramirez-Barvosa was acting as a servant, agent, employee, and/or ostensible agent of Defendant SPN in the capacity of drill rig operator.

55.   At all relevant times, both Defendant Singer and Defendant Ramirez-Barvosa were within the course and scope of their employment with Defendant SPN.

56.   Defendant SPN is vicariously liable for the negligence of its servant, agent, employee, and/or ostensible agent, Defendant Singer, as detailed in Count I.

57.   Defendant SPN is vicariously liable for the negligence of its servant, agent, employee, and/or ostensible agent, Defendant Ramirez-Barvosa, as detailed in Count II.

58.   The injuries sustained by Plaintiff Richard Fuller were a direct and proximate result of the aforesaid negligence of Defendant SPN and were not caused or contributed to by any conduct on the part of Plaintiff Richard Fuller.

12

59.     Because the negligent conduct of Defendants Singer and Ramirez-Barvosa was in the course and scope of their employment with Defendant SPN and they were either its servant, agent, employee, and/or ostensible agent, Defendant SPN is vicariously liable for the negligent conduct that injured Plaintiff Richard Fuller.

60.     Paragraphs thirty-six (36) through forty (40) of the Plaintiffs' Complaint relating to injuries and damages suffered by Plaintiff Richard Fuller are incorporated herein by reference and made a part thereof as if set forth in full.

WHEREFORE, Plaintiffs Richard and Pamela Fuller respectfully request Your Honorable Court grant judgment in their favor and against the Defendants in an amount in excess of $75,000.00.

## COUNT IV- LOSS OF CONSORTIUM
## PAMELA FULLER v. DOUGLAS SINGER, ALBERTO RAMIREZ-BARVOSA, and SPN WELL SERVICES, INC.

61.     Paragraphs one (1) through sixty (60) of this Complaint are incorporated herein by reference.

62.     As a result of the aforementioned injuries sustained by her husband, Plaintiff Richard Fuller, Plaintiff Pamela Fuller has been, and may in the future be, deprived of the care, companionship, consortium, and society of her husband, all of which is to be to her great detriment, and claim is made therefor.

13

WHEREFORE, Plaintiff Pamela Fuller respectfully requests Your Honorable Court grant judgment in her favor and against the Defendants in an amount in excess of $75,000.00.

## COUNT V – NEGLIGENCE
## AIM LEASING COMPANY and AIM INTEGRATED LOGISTICS, INC. v. DOUGLAS SINGER, ALBERTO RAMIREZ-BARVOSA, and SPN WELL SERVICES, INC.

63.    Paragraphs one (1) through sixty-two (62) of this Complaint are incorporated herein by reference.

64.    As a result of the negligence of Defendants Singer, Ramirez-Barvosa, and SPN as detailed herein in Counts I through III, Plaintiffs AIM Leasing and AIM Integrated have sustained, are sustaining, or in the future will sustain the following losses and damages:

a.  Property damage, loss of use, rental charges, and economic loss associated with the damage to the AIM Leasing tractor and trailer involved in the motor vehicle accident;

b.  Towing and storage charges for the AIM Leasing tractor and trailer involved in the motor vehicle accident; and

c.  Costs and expenses associated with environmental clean-up and repair to the roadway and guiderail at the scene of the motor vehicle accident.

14

WHEREFORE, Plaintiffs AIM Leasing Company and AIM Integrated

Logistics, Inc. respectfully request Your Honorable Court grant judgment in their

favor and against the Defendants in an amount in excess of $75,000.00.

## COUNT VI
## RICHARD and PAMELA FULLER and AIM LEASING COMPANY and AIM INTEGRATED LOGISTICS, INC. v.  DOUGLAS SINGER, ALBERTO RAMIREZ-BARVOSA, and SPN WELL SERVICES, INC. PUNITIVE DAMAGES

65.     Paragraphs one (1) through sixty-four (64) of this Complaint are

incorporated herein by reference.

66.     Defendant Singer, acting as the pilot car for an oversized vehicle that

exceeded 14'-6", was required by Pennsylvania law to precede said oversized

vehicle and to detect overhead obstructions using a height pole or other height-

sensitizing device, which he failed to do.

67.     Defendant Singer, in his position as pilot car, was required by

Pennsylvania law to equip his vehicle with flashing or revolving amber lights and a

yellow warning sign at least 5 feet wide by at least 1 foot high with the words

"OVERSIZE LOAD" in black letters on both the front and rear of his vehicle,

which he failed to do.

68.     Defendant Ramirez-Barvosa has a Special Hauling Permit from the

Pennsylvania Department of Transportation listing his vehicle as 14'-4". See

Special Hauling Permit attached as **Exhibit A.**

69.     It is believed, and therefore averred, that Defendant Ramirez-Barvosa operated a carrier that he knew, or should have known, measured a height of 14'-7".

70.     It is believed, and therefore averred, that Defendant Ramirez-Barbosa intentionally told the Pennsylvania Department of Transportation his carrier was 14'-4" despite knowing the carrier's true height was 14'-7", in violation of 18 Pa.C.S. § 4904 – Unsworn falsification to authorities.

71.     Defendant Ramirez-Barvosa attempted to pass under a bridge with a posted height of 14'-3", but was unable to do so.

72.     It is believed, and therefore averred, that Defendant Ramirez-Barvosa attempted to pass under the bridge despite knowing he would be unable to clear it, requiring him to stop in front of the bridge's entrance and block traffic.

73.     There are two signs announcing the bridge's height clearance to be 14'-3" approximately a quarter mile from the bridge and one sign stating the bridge's height clearance to be 14'-3" on the bridge itself.

74.     There is no indication Defendant Ramirez-Barvosa had prior permission to exceed the posted size limit of the bridge.

75.     As the owner of the oversized vehicle requiring a Special Hauling Permit, it was ultimately Defendant SPN's responsibility to apply for and receive said permit from the Pennsylvania Department of Transportation.

76.     In applying for said Permit, Defendant SPN allowed its drill rig to be fraudulently listed as 14'-4".

77.     With its drill rig fraudulently listed as 14'-4", Defendant SPN allowed its employee, Defendant Ramirez-Barvosa, to drive said rig on a route that contained a 14'-3" bridge he had no hope of clearing.

78.     In allowing its drill rig to be fraudulently listed as 14'-4", Defendant SPN made it appear as if said drill rig did not require a pilot car because it was not an oversized vehicle, and allowed its employee, Defendant Singer, to ignore all requirements of a pilot car in Pennsylvania for an oversized vehicle exceeding 14'-6".

79.     Defendant Singer knew, or should have known, that his negligent conduct and reckless disregard of Pennsylvania law involved a high degree of probably that a substantial harm would result to persons or vehicles on the highway, such as Plaintiff Richard Fuller.

80.     Defendant Ramirez-Barvosa knew, or should have known, that by attempting to pass under a bridge with a 14'-3" height clearance in a 14'-7" carrier, there was a high degree of probability that substantial harm would to persons or vehicles on the highway, such as Plaintiff Richard Fuller.

81.     Defendant SPN knew, or should have known, its negligent conduct and reckless disregard of Pennsylvania law involved a high degree of probably that a

17

substantial harm would result to persons or vehicles on the highway, such as Plaintiff Richard Fuller.

82.    The actions, conduct, and negligence of Defendant Singer set forth above display a reckless indifference to the health, safety, rights, and interests of others.

83.    The aforementioned accident, injuries, and damages to Plaintiff Richard Fuller are the direct and proximate result of the egregious behavior and outrageous conduct of Defendant Singer as set forth herein.

84.    The actions, conduct and negligence of Defendant Ramirez-Barvosa set forth above display a reckless indifference to the health, safety, rights, and interests of others.

85.    The aforementioned accident, injuries, and damages to Plaintiff Richard Fuller are the direct and proximate result of the egregious behavior and outrageous conduct of Defendant Ramirez-Barvosa as set forth herein.

86.    The actions, conduct, and negligence of Defendant SPN set forth above display a reckless indifference to the health, safety, rights, and interests of others.

87.    The aforementioned accident, injuries, and damages to Plaintiff Richard Fuller are the direct and proximate result of the egregious behavior and outrageous conduct of Defendant SPN as set forth herein.

WHEREFORE, Plaintiffs Richard and Pamela Fuller and AIM Leasing Company and AIM Integrated Logistics, Inc. respectfully request Your Honorable

Court grant judgment for punitive damages in their favor and against the

Defendants in an amount in excess of $75,000.00.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By:    s/ Scott B. Cooper
         Scott B. Cooper, Esquire
         I.D. No. 70242
         209 State Street
         Harrisburg, Pa 17101
         (717) 232-6300
         (717) 232-6467 F
         *scooper@schmidtkramer.com*

Date: 09/05/2018         Attorney for Plaintiffs
         Richard and Pamela Fuller

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

By:    /s/ John T. Pion
         John T. Pion, Esquire
         I.D. No. 43675
         Bradley N. Sprout, Esquire
         I.D. No. 203182
         240 N. 3rd Street, 10th Floor
         Harrisburg, PA  17101
         P:  (717) 737-5833
         F:  (717) 737-5553

Date: 09/05/2018         Attorney for Plaintiffs
         AIM Leasing Company and
         AIM Integrated Logistics, Inc.

**Exhibit A**

| M-936P (2-09) | Application Id: A509330864 | Permit No: 2017-289-01-28190 |
|---|---|---|



www.dot.state.pa.us

**COMMONWEALTH OF PENNSYLVANIA**
**Special Hauling Permit**

Subject to all the conditions, restrictions, and regulations prescribed by the Pennsylvania Department of Transportation (see in particular 67 PA Code, Chapter 179) and subject to the special conditions or restrictions set forth herein or attached hereto.

## MOTOR CARRIER NAME AND ADDRESS

TEXAS CES INC
3333 N I35
GAINESVILLE TX 76241

## PERMIT

| | |
|---|---|
| **Permit Office:** 01 - 0 | **Phone:** 814-678-7038 |
| **Date Issued:** 10/16/2017 | **Permit Type:** SINGLE TRIP |
| **Time Issued:** 02:52 PM | **Account Name:** 31 STATE PERMITS |

## MOVE INFORMATION

| | | |
|---|---|---|
| **Move Begins:** 10/17/2017 | **SPC Code:** VZFQ | **Total Fees:** 707.48 |
| **Move Ends:** 10/23/2017 | **Meet PSP Date:** N/A | **Total Miles:** 289 |
| **Move #:** N/A | | |
| **Meet PSP At:** N/A | | |
| **NATL Park Service Approval #:** N/A | | |

## BOND PERMIT NUMBERS

| Index # | County | State Route | Bond Permit Number |
|---|---|---|---|
| NONE | | | |

## POWER AND DRAWN UNITS

| Unit # | Equipment Type | Registration/VIN | State | # of Axles |
|---|---|---|---|---|
| I | P-SPECIAL MOBILE EQUIPMENT | 46P365 | TX | 5 |

## SIZE INFORMATION *(Zeros = not specified)*

| LENGTH | Ft. | In. | WIDTH | Ft. | In. | HEIGHT | Ft. | In. |
|---|---|---|---|---|---|---|---|---|
| TOTAL LENGTH: | 00065 | 03 | TOTAL WIDTH: | 00010 | 00 | TOTAL HEIGHT: | 00014 | 04 |
| Veh Only Length: | 00000 | 00 | Veh Only Width: | 00000 | 00 | Veh Only Height: | 00000 | 00 |
| | | | BODY WIDTH: | 00000 | 00 | | | |

## LOAD INFORMATION

| | |
|---|---|
| **Load Quantity:** 00000 | **Load Serial ID:** |
| **Load Type:** 65A-Motor Vehicle (SME - no load) - General | |
| **Load Description:** DRILL RIG | |
| **Guide Rail Dev #:** N/A | |



**M-936P (2-09)**

Application Id: A509330864

Permit No: 2017-289-01-28190

www.dot.state.pa.us

### COMMONWEALTH OF PENNSYLVANIA
## Special Hauling Permit

Subject to all the conditions, restrictions, and regulations prescribed by the Pennsylvania Department of Transportation (see in particular 67 PA Code, Chapter 179) and subject to the special conditions or restrictions set forth herein or attached hereto.

## WEIGHT INFORMATION

**Gross Weight:** 116000 lbs.   **Legal Weight:** 00000 lbs.

## AXLES

| Position | Total Weight (lbs.) | Distance from prev. axle | Vehicle only Weight (lbs.) | Position | Total Weight (lbs.) | Distance from prev. axle | Vehicle only Weight (lbs.) |
|---|---|---|---|---|---|---|---|
| 1 | 20500 | 000 ft 00 in | 00000 | 4 | 25000 | 004 ft 05 in | 00000 |
| 2 | 20500 | 004 ft 02 in | 00000 | 5 | 25000 | 004 ft 05 in | 00000 |
| 3 | 25000 | 020 ft 02 in | 00000 | | | | |

## ROUTE INFORMATION

### Origin

**County:** MERCER   **State:** OH
**State Route:** 0080
**Start** 0 **miles from intersection:**   OHIO STATE LINE

### Destination

**County:** TIOGA   **State:** PA
**State Route:** 0006
**End** 0 **miles from intersection:**   E MULLBERRY HILL RD

## AUTHORIZED ROUTES

### Outgoing Route - Loaded

| Leg | Start County | Travelling on Route | Dir | SR Miles | To Intersection | Exit# |
|---|---|---|---|---|---|---|
| 1 | MERCER | SR0080 | East | 211.89 | EXIT 212B-SR 0147(N) SR 0147 SH | |
| 2 | NORTHUMBERLAND | SR0147 | North | 0.07 | SR0180 (W) | |
| 3 | NORTHUMBERLAND | SR0180 | West | 28.62 | EXIT 29-SR 0015(N) SR 0015 SH | |
| 4 | LYCOMING | SR0015 | North | 46.24 | SR 0006 WELLSBORO ST | |
| 5 | TIOGA | SR0006 | West | 0.33 | E MULLBERRY HILL RD | |

| M-936P (2-09) | Application Id: A509330864 | Permit No: 2017-289-01-28190 |
|---|---|---|



www.dot.state.pa.us

**COMMONWEALTH OF PENNSYLVANIA**

## Special Hauling Permit

Subject to all the conditions, restrictions, and regulations prescribed by the Pennsylvania Department of Transportation (see in particular 67 PA Code, Chapter 179) and subject to the special conditions or restrictions set forth herein or attached hereto.

## ROUTE RESTRICTIONS - OUTGOING

| | Restr Code | From/To Intersection Or Bridge Label<br>Route Analysis Restriction |
|---|---|---|
| | 8411 | NOTICE: IF TRAVELING ON OTHER THAN A LIMITED ACCESS HIGHWAY WITHIN WILLIAMSPORT CITY LIMITS, THEN CONTACT THE CITY POLICE, AT 570-327-7560, AT LEAST ONE HOUR IN ADVANCE. |
| | 8413 | ATTENTION: WHEN TRAVELING THROUGH THE WILLIAMSPORT AREA IN LYCOMING COUNTY ON I-180, SR 220 AND US 15, THERE IS NO TIME RESTRICTION AS INDICATED ON THE PA URBANIZED AREA MAP. |
| **SR:** 0080 | | **Br Label:** ON I80 1.44 MI E FROM EXIT   35 SR 0308 SR 0308 SH<br>     **Br Id:** 60 0080 0360 0574 |
| | 9900 | NO OTHER TRUCK, COMBINATION OR SME ON SAME BRIDGE SPAN WHILE CROSSING STRUCTURE(S).  PILOT CAR(S) REQUIRED WHILE CROSSING STRUCTURE(S) - SEE REGULATION 179.10(13).  A CURRENT "CERTIFICATE OF INSURANCE" FOR EACH PILOT CAR SHALL BE OPEN TO INSPECTION. |
| **SR:** 0080 | | **Br Label:** ON I80 0.07 MI E FROM EXIT   78 SR 0036 COLONEL DRAKE HW<br>     **Br Id:** 33 0080 0784 0266 |
| | 9902 | STRADDLE LANE MARKING TO OCCUPY TWO LANES WHILE CROSSING STRUCTURE(S). PILOT CAR(S) REQUIRED WHILE CROSSING STRUCTURE(S) - SEE REGULATION 179.10(13). A CURRENT "CERTIFICATE OF INSURANCE" FOR EACH PILOT CAR SHALL BE OPEN TO INSPECTION. |
| **SR:** 0080 | | **Br Label:** ON I80 7.08 MI E FROM EXIT   161-SR 0099(N) MARINE SGT DJ<br>     **Br Id:** 14 0080 1670 0449 |
| | 9900 | NO OTHER TRUCK, COMBINATION OR SME ON SAME BRIDGE SPAN WHILE CROSSING STRUCTURE(S).  PILOT CAR(S) REQUIRED WHILE CROSSING STRUCTURE(S) - SEE REGULATION 179.10(13).  A CURRENT "CERTIFICATE OF INSURANCE" FOR EACH PILOT CAR SHALL BE OPEN TO INSPECTION. |
| **SR:** 0180 | | **Br Label:** OVER I180 3.01 MI W FROM EXIT 1   -RAMP TO SR 0180(W) SR 018<br>     **Br Id:** 49 1006 0100 0000 |
| | 9904 | PERMITTED VEHICLE MUST TRAVEL IN RIGHT LANE. |
| **SR:** 0180 | | **Br Label:** OVER I180 3.01 MI W FROM EXIT 1   -RAMP TO SR 0180(W) SR 018<br>     **Br Id:** 49 1006 0100 0000 |